1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN BONNEAU, | ) Case No. CV 15-4768 JLS(JC) |
| Petitioner, | ) (PROPOSED) ORDER ACCEPTING<br>) FINDINGS, CONCLUSIONS, AND |
| v. | ) RECOMMENDATIONS OF UNITED<br>) STATES MAGISTRATE JUDGE |
| JACK FOX, | ) |
| Respondent. | ) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") and all of the records herein, including the Report and Recommendation of United States Magistrate Judge ("Report and Recommendation"), the "Pending Motions" (as defined in the Report and Recommendation) and all documents submitted in connection therewith, petitioner's Motion Requesting Magistrate to Rescind Report and Recommendation (construed as objections to the Report and Recommendation) and petitioner's Objections to the Report and Recommendation (collectively "Objections"), respondent's Response to the Objections with its supporting declaration of Cynthia Bell and exhibits ("Bell Ex."), petitioner's Reply thereto, and petitioner's Notice of Errata, correcting a typographical error in the Reply.
///

The Court has made a *de novo* determination of those portions of the Report and Recommendation to which objection is made.  Except as noted below, the Court concurs with and accepts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

In his Objections, petitioner contends that the Report and Recommendation mistakenly refers to his 2013 sentence as a state sentence, when in fact, the sentence was a federal sentence.  Accordingly, he argues that 18 U.S.C. section 3584 governs how his two federal terms of imprisonment are to be treated.  See Objections at 1.  Petitioner is correct in his observation that the Report and Recommendation erroneously refers to his 2013 conviction and sentence "in state court."  See Report and Recommendation at 2.  Petitioner is serving concurrent sentences for federal convictions from December 2, 2013, and March 30, 2015, each carrying a 24-month term.  See Petition at 2; Bell Exs. C, E (2013 and 2015 Judgment in a Criminal Case Orders).  However, whether petitioner's 2013 conviction and sentence is from state or federal proceedings does not alter when his concurrent, 2015 24-month federal sentence commenced to run.

Petitioner argues that "an aggregate sentence calculation cannot begin until all sentences have been imposed."  See Objections at 3 (citing 18 U.S.C. § 3584(c) (multiple terms of imprisonment shall be treated for administrative purposes as a single aggregate term)).  The express terms of the 2015 Judgment provide that petitioner's 24-month sentence was imposed on March 30, 2015.  See Bell Ex. E.  Accordingly, by petitioner's own argument, petitioner's sentence calculation for the 2015 conviction could not begin until March 30, 2015.  The language of the 2015 commitment supports this conclusion.  See id. (providing, "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:  twenty-four (24) months, to run concurrent to any remaining sentence the defendant is currently serving.") (emphasis added).  Section 3584 does not alter this conclusion.  Section 3584 provides that multiple terms of

imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. See 18 U.S.C. § 3584(a). Here, the sentencing court ordered that petitioner's 2015 sentence run concurrent to his remaining unexpired term.

The evidence of petitioner's 2015 plea proceedings further supports the intention of the parties and of the sentencing court to sentence petitioner concurrently to the remaining portion of the sentence petitioner was then serving. Petitioner faced up to 20 years imprisonment for the count to which he pleaded guilty. See Reply, Attachment 5 at ¶ 3 (plea agreement). Petitioner agreed to a term of 24 months imprisonment to run concurrently with the undischarged sentence in his other federal case. Id. at ¶ 10. During the plea colloquy, the sentencing court emphasized that petitioner would have to serve the entirety of the time imposed by such court, less any good time credit earned. Reply, Attachment 6 at 7 (transcript). Petitioner acknowledged he understood. Id. There was no mention of any adjustment for petitioner to serve 24 months total for his 2013 and 2015 convictions. See id. Rather, the trial court sentenced petitioner to "24 months, said sentence to be concurrent to any remaining sentence currently in place from the prior case." Id. at 15-16 (emphasis added).

As explained in the Report and Recommendation, the United States Attorney General through the Bureau of Prisons has the exclusive authority to compute petitioner's sentence. United States v. Wilson, 503 U.S. 329, 334-35 (1992). Petitioner's 24-month 2015 sentence could not commence prior to the date he was sentenced in federal court, Schleining v. Thomas, 642 F.3d 1242, 1244 (9th Cir. 2011) (citing, *inter alia*, United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980) ("The sentences could not be concurrent in the sense of having the same starting date because the federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (citation omitted)), cert. denied, 132 S. Ct. 2415 (2012), and is eligible for credit

only from the sentencing date forward pursuant to 18 U.S.C. section 3585(b), since petitioner received custody credit for time predating March 30, 2015 against his 2013 sentence.  Petitioner has failed to show entitlement to the relief he seeks.

    IT IS THEREFORE ORDERED:  (1) the Pending Motions are denied for the reasons stated in the Report and Recommendation; (2) the Objections to the Report and Recommendation are overruled, except as noted above; (3) the Petition is denied and this action is dismissed with prejudice; and (4) Judgment shall be entered denying the Petition and dismissing this action with prejudice.

    IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on petitioner and on counsel for respondent.

DATED: March 22, 2016

_____
HONORABLE JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE